No. 6810.

EDMUND BROWN VS. EMILE BOUNY ET AL.

Where the property of a succession is sold by a mortgage creditor under executory process, without making the succession a party to the proceeding, and no fraud is shown, and it appears that the money was applied to the debts of the succession, the heirs can not annul the sale, and recover the property, without tendering to the innocent purchaser of the same, the price he had paid for it.

APPEAL from the Fifth District Court, parish of Orleans. *Rogers,* J.

*E. K. Washington* for plaintiff and appellant.

*Jerome Meunier* and *T. Gilmore & Sons* for defendant and appellee.

The opinion of the court was delivered by

SPENCER, J. Plaintiff alleges in substance that he is the son and heir of Mrs. Causay Brown, who died in the State of Mississippi about the twenty-ninth April, 1873. That she owned certain property in New Orleans on which Bouny held a mortgage granted by her. That on the fourth May, 1874, Bouny sued out executory process, and sold said property without said Mrs. Brown or her succession having any legal notice thereof. That the property was adjudicated to the other defendant, McQuade, for $1389 at said sale. He alleges the nullity of the sale for the reasons stated, and cites Bouny and McQuade as defendants. Both defendants excepted that the petition disclosed no cause of action, and McQuade further excepted that restitution or an offer of restitution of the price paid by him was a condition precedent to plaintiff's action of nullity. On the trial of this exception plaintiff and defendants each offered in evidence the record of the seizure and sale case referred to.

The notices of judgment and of seizure, the sheriff's returns state, were served at Mrs. Brown's domicile in New Orleans by leaving them with plaintiff, her son, she being absent. The record of this seizure and sale shows that McQuade bought the property for $1389, and paid the cash, which was applied first to the costs, then to the taxes due on the property, and the balance, $1018, to the writ, which was not fully satisfied thereby. The plaintiff does not dispute—but, on the contrary, admits—that this mortgage debt was a just one. He does not allege that the property brought less than it was worth. It is indisputably proved that the proceeds of this sale went to pay just debts of Mrs. Brown; to wit: her taxes and this mortgage claim. There is no pretense or allegation of fraud in the defendants. Under this state of facts, it is almost elementary that plaintiff, who is the heir at law of the seized debtor, can not wrest this property out of the hands of an innocent third purchaser without restoring or offering to restore the amounts thus paid by him. It is very questionable whether, even if he had tendered the amount, he

could recover the property, without alleging and proving that he was injured by the sale. See Barrett vs. Emmerson, 8 An. 503 ; Stockton vs. Donnay, 6 An. 581.

Even a minor whose property has been alienated without the forms of law—or in violation of law even—can not recover it back without restoring the advantages he may have received. See 6 N. S. 684 ; 21 An. 385 ; O. C. C. 2226.

He who seeks equity must do equity. No court under the facts disclosed by this record would give the plaintiff this property without first requiring him to make restitution, and when this want of restitution or offer of restitution was set up by way of exception the court properly sustained it.

The judgment is affirmed, with costs of both courts.